GOBIERNO DE LA CAPITAL DE PUERTO RICO, demandante y apelante, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 7180.—*Sometido:* Mayo 25, 1937. *Resuelto:* Junio 4, 1937.

*J. Valldejuli Rodríguez,* abogado de la apelante; *Hon. Procurador General B. Fernández García* y *E. Campos del Toro, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La Ley núm. 52 de 1925 (pág. 297), según fué enmendada por las núms. 12 de 1930 (pág. 159) y 40 de 1931 (pág. 361), impone una contribución de siete centavos (7¢) sobre cada galón de gasolina ''que se introduzca, fabrique, venda o consuma, o que de otro modo se disponga para el consumo en Puerto Rico,'' y provee que tal impuesto será cobrado por el Tesorero de Puerto Rico, mediante fijación y cancelación de sellos de rentas internas, tan pronto como la gasolina sea fabricada, producida o introducida en la Isla.

El Gobierno de la Capital de Puerto Rico formuló demanda ante la Corte de Distrito de San Juan, en la que solicita se dicte una sentencia declaratoria de que el Gobierno de la Capital de Puerto Rico no está obligado a pagar el mencionado arbitrio sobre la gasolina que compre para el servicio del público.

Como fundamentos para su solicitud el Gobierno peticionario alega:

Que el impuesto es satisfecho por el consumidor, pues las compañías vendedoras fijan el precio de la gasolina y agregan a éste siete centavos adicionales para cubrir el arbitrio;

que el Gobierno de la Capital es una Corporación o Agencia del Gobierno Insular y como tal debe estar exenta de pagar dicho tributo o contribución, pues todos sus actos son ejecutados para beneficio del público y por delegación del Gobierno Insular; que al obligarse al peticionario a pagar el arbitrio en cuestión se le priva de sumas que son necesarias para las atenciones de las escuelas públicas y hospitales municipales y para el pago de empleados; y que como municipio de la Isla de Puerto Rico, el peticionario está exento de pagar el impuesto, de acuerdo con la Ley núm. 52 de 1925 (Leyes de 1925, pág. 297).

En apoyo de sus contenciones el peticionario apelante cita las opiniones dictadas por el Procurador General de Puerto Rico en 1°. de noviembre, 1927, y junio 29 de 1931, y la dictada por la Corte de Distrito de los Estados Unidos para Puerto Rico, en el caso Ley No. 2114 de *West India Oil Co.* v. *Manuel V. Domenech, Tesorero de Puerto Rico.*

Alegó el Tesorero demandado en su contestación, que la ley vigente no concede exención alguna al municipio, ni tampoco al Gobierno Insular; que la ley es inaplicable al Pueblo de Puerto Rico, porque siendo éste el que cobra la contribución, resultaría una operación innecesaria la de cobrar y pagarse a sí mismo; que la Ley núm. 52 de 1925 que invoca el Municipio como fundamento de la alegada exención a su favor, carece de efectividad y validez; que la Ley núm. 40 de 1931 derogó expresamente la núm. 12 de 1930 y cualquiera otra ley o parte de ley que a aquélla se opusiere, quedando derogada por consecuencia la Ley núm. 52 de 1925 y todas las leyes o partes de leyes que por referencia se habían incorporado a dicha Ley núm. 52 de 1925, especialmente aquella parte de la sección 42 de la ley de 28 de julio de 1923 que concedía la alegada exención.

En su sentencia la corte inferior declaró que la gasolina vendida al Gobierno de la Capital no está exenta de pagar el tributo de siete centavos por galón. El Municipio apeló.

██ Para la mejor comprensión de la cuestión legal envuelta en el presente recurso, haremos una breve exposición del movimiento de la legislación insular sobre el impuesto a la gasolina. El referido impuesto se incluyó originalmente como una disposición de la "Ley de Arbitrios de Puerto Rico," de julio 28 de 1923 (Leyes de 1923, pág. 443), la que por su sección 20, inciso 37, imponía una contribución de medio (½) centavo por galón "sobre toda gasolina, que se fabrique, produzca, venda o consuma en Puerto Rico." La sección 30 de dicha ley hacía pesar el impuesto sobre la mercancía imponible tan pronto como ésta era manufacturada o fabricada; e imponía la obligación de pagar el impuesto al vendedor, quien podría ser declarado culpable de *misdemeanor* si vendía la mercancía imponible sin haber pagado antes el impuesto. Cuando la mercancía se había importado para venta, uso y consumo en Puerto Rico, el impuesto pesaba sobre la mercancía tan pronto como ésta se encontraba en el mercado en poder de un traficante, a quien se hacía responsable del pago del impuesto al traspasar la mercancía imponible a otro traficante o a un consumidor (Véase sección 33 de dicha ley). La sección 42 de la citada Ley de Arbitrios, disponía:

"Los artículos tributables para el uso y consumo de las dependencias del Gobierno Federal, Insular o Municipal, *estarán exentos de los impuestos señalados en esta Ley* cuando fueren adquiridos mediante solicitud firmada por los respectivos jefes de dichas dependencias." (Bastardillas nuestras.)

En 21 de julio de 1925 la Legislatura aprobó la Ley núm. 52 (Leyes de 1925, pág. 297) por la que se imponía una contribución de dos centavos a cada galón de gasolina que se venda o consuma en Puerto Rico. La Sección 6 de dicha ley lee así:

"Sección 6.—Todas las disposiciones contenidas en los títulos 1, 3, 4, 7, 8, 9 y 10 de la Ley de Arbitrios de Puerto Rico, aprobada en 28 de julio de 1923, según quedó enmendada en agosto 27, 1923, y junio 23, 1924, así como los Reglamentos promulgados por el Te-

sorero, de Puerto Rico, por virtud de la expresada Ley de Arbitrios, que no estuvieren en conflicto con la presente tendrán fuerza y vigor en la aplicación de esta Ley.''

Y la sección 8 de la misma ley dispone:

''Sección 8.—El inciso 37 de la sección 20 de la 'Ley de Arbitrios de Puerto Rico', aprobada en julio 28 de 1923, queda por ésta derogado, así como toda ley o parte de ley que se oponga a la presente.''

Por virtud de la Ley núm. 8 de mayo 11 de 1927, el impuesto sobre la gasolina fué elevado a cuatro centavos por galón, enmendando así la Ley núm. 52 de 1925, supra.

En 21 de abril de 1930, la legislatura aprobó la Ley núm. 12, por la que se enmendó nuevamente la núm. 52 de 1925, en el sentido de elevar a seis (6) centavos por galón el impuesto a la gasolina.

Y por fin, en 24 de abril de 1931, nuestra legislatura aprobó la Ley núm. 40 (Leyes de 1931, pág. 361), titulada ''Ley para imponer una contribución de siete (7) centavos a cada galón de gasolina que se introduzca, fabrique, venda, use o para el consumo, o que de otro modo se disponga de ella para el consumo, en Puerto Rico e ingresar el producto, etc.'' Por la sección 1 de dicha ley se sube a siete (7) centavos por galón el impuesto sobre la gasolina, se da al impuesto el carácter de renta interna y se dispone expresamente:

''Y tal impuesto será cobrado por el Tesorero de Puerto Rico, *con sujeción a las disposiciones de la Ley de Rentas Internas,* tan pronto como la gasolina sea fabricada, producida o introducida en Puerto Rico, mediante la fijación y cancelación de sellos de Rentas Internas en los documentos que al efecto prescribiere el Tesorero.'' (Bastardillas nuestras.)

La sección 3 de dicha ley lee así:

''Sección 3.—La Ley No. 12 aprobada en abril 21 de 1930 y cualquiera otra ley o parte de ley que se oponga a la presente, queda por ésta derogada.''

La Ley núm. 40 de 1931 es la última disposición legislativa sobre la materia de impuestos a la gasolina. Y siendo ésa la ley en vigor en la fecha en que se interpuso la presente acción, pasaremos ahora a interpretarla en relación con las leyes anteriores sobre la misma materia.

Las opiniones del Procurador General anexas a la demanda como *Exhibits* 1 y 2, fueron emitidas con anterioridad a la fecha en que empezó a regir la Ley núm. 40 de 1931; y el caso resuelto por la Corte Federal de Puerto Rico se refería a impuestos cobrados durante el período de agosto 1, 1930, a junio 30, 1931, en virtud de la Ley núm. 52 de julio 21 de 1925. Poca luz pueden arrojar dichas opiniones. sobre la cuestión legal planteada por el presente recurso.

Para poder sostener la contención del apelante tendríamos que sentar las dos siguientes premisas:

1ª Que la Ley núm. 40 de 1931 no derogó por ser incompatible con ella la Ley núm. 52 de 1925; y

2ª Que de acuerdo con dicha Ley núm. 52 de 1925 y por la referencia que en su sección 6 se hace con la sección 42 de la "Ley de Arbitrios de Puerto Rico," de julio 28 de 1923, el municipio está exento del pago del arbitrio.

Ambas premisas son insostenibles. La incompatibilidad entre la Ley núm. 52 de 1925 y la núm. 40 de 1931 es clara y evidente. La primera de dichas leyes dispone que en el cobro del impuesto sobre la gasolina se aplicarán ciertas disposiciones de la Ley de Arbitrios de 28 de julio de 1923, entre las cuales figura la Sección 42 de la misma, supra, que exime a los municipios del pago del impuesto. La segunda, la núm. 40 de 1931, que es una ley completa y no enmendatoria de las anteriores, dispone expresamente por su sección 1ª., supra, que el cobro del impuesto se hará con sujeción a las disposiciones de la Ley de Rentas Internas. Hemos examinado cuidadosamente la Ley de Rentas Internas vigente en la fecha en que se aprobó la citada Ley núm. 40 de 1931 y las enmiendas posteriores y no encontramos disposición alguna que autorice la exención que reclama el municipio ape-

lante. Y por esas razones debemos resolver que la Ley núm. 52 de 1925 fué derogada por la núm. 40 de 1931, no siendo por tanto aplicables como fundamentos de la contención del apelante las exenciones que autorizaba la sección 42 de la antigua Ley de Arbitrios de 1923, ya derogada.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.